UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLESETTA WILLIAMS                CIVIL ACTION NO. 21-cv-1987

VERSUS                              JUDGE ELIZABETH E. FOOTE

BEN RAYMOND                         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Charlesetta Williams ("Plaintiff"), who is self-represented, has filed at least six prior civil actions in this court. They usually target the Caddo Correctional Center or law enforcement officials. None of the prior cases have been found to have merit. This newest suit also lacks merit and, for the reasons that follow, should be dismissed.

### Authority to Review Complaint

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

A district court may also dismiss an action on its own motion under Fed. R. Civ. Pro. 12(b)(6) as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053,

1054 (5th Cir. 1998). This procedure is fair, because this report and recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998). Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Analysis**

This matter's origin is a one-page handwritten item that was delivered to the clerk of court in June 2021. The letter is attached to the current complaint and is largely gibberish. For example, it states: "In the police shop Allen Atkins hand on disc police cars on lot camera in so. White officers picture in shop L.W.T. Badge 1151 picture of Shreveport police of her Corpal Davis Badge nm 204 sup 557 picture of her lap-top in car Allen Atkins a back of police car …" The letter also makes reference to, "in back seat of car arrested for a mistermena drug P. 2. Counts drinking in public a felony drug note 2700 blk M.L.K. Dr. …" The rest of the writing is similar in nature.

The clerk of court returned the item to Plaintiff with a letter that stated the court was unable to determine from the submission exactly what Plaintiff wanted the court to do, if anything. Plaintiff was advised that, if she believed she had been legally wronged or injured in a way the court can redress, she should file a formal complaint. See Doc. 1, p. 6.

Plaintiff then filed this complaint on a form provided by the court. She names as defendant SPD Chief of Police Ben Raymond. She checked a box to indicate that the basis for jurisdiction is federal question, and the basis of the federal claim is civil rights.

Part III of the form asks the filer to write a short and plain statement of the claim to show that she is entitled to damages or other relief. The form instructs that the filer should show how each defendant was involved and what he did that caused the plaintiff harm or violated her rights, including the dates and places of that conduct. Plaintiff wrote only: "arresting illegal violation rights." Part IV of the form asked Plaintiff to state briefly what damages or other relief she asks the court to order. Plaintiff wrote: "Civil Rights." She attached her former written submission, along with the letter from the clerk of court that returned it. No other facts are included in the complaint.

The most that can be discerned from Plaintiff's submission is that she perhaps suggests that she was unlawfully arrested. Plaintiff does not invoke 42 U.S.C. § 1983, but that is the statute on which most civil rights plaintiffs base a claim for false arrest. To prevail on a false arrest claim based on § 1983, Plaintiff must show that the arresting officer did not have probable cause to make the arrest. Haggerty v. Texas Southern University, 391 F.3d 653, 655 (5th Cir. 2004). On the other hand, "a warrantless arrest by a law officer

is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 125 S.Ct. 588, 593 (2004). "Probable cause for a warrantless arrest exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." U.S. v. Watson, 273 F.3d 599, 602 (5th Cir. 2001). Also, the general rule is that to establish liability under § 1983, an individual defendant "must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." Turner v. Lieutenant Driver, 848 F.3d 678, 695-96 (5th Cir. 2017).

Plaintiff's filings do not even make clear that she is asserting a false arrest claim, what she may have been arrested for, or who may have arrested her. She has certainly not alleged facts to show that Chief Raymond had any personal involvement in an arrest of her, that an arrest lacked probable cause, or that Raymond was in some other way responsible for any violation of her civil rights. The complaint does not, therefore, state a plausible claim against Raymond on which relief may be granted.

Plaintiffs who fail to state a claim are sometimes allowed an opportuninty to amend their complaint and attempt to provide the necessary facts. No such opportunity is warranted here because Plaintiff has essentially had two opportunities to explain to the court the basis of this claim, and her history of frivolous litigation indicates that any attempt to amend would be a waste of time. Further evidence of the lack of merit in Plaintiff's submissions can be found in In re Charlesetta Williams, 14-mc-0041, where the clerk of

Page 4 of 6

court has recorded several blank or unintelligible filings received from Plaintiff over the years.

**Conclusion; Sanctions Warning**

The complaint does not set forth enough facts against Chief Raymond to state any plausible claim on which relief may be granted, so the complaint should be dismissed. Plaintiff has now filed at least seven meritless lawsuits, and she has filed multiple meritless filings within those proceedings. Each of Plaintiff's complaints and filings require the expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving litigants. To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989). Plaintiff is warned that she will be subject to potential sanctions if she files frivolous or malicious motions or new suits in this court. Those sanctions may include a requirement that Plaintiff obtain judicial pre-approval for any filings, the imposition of monetary sanctions, or an order for other appropriate sanctions.

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of July, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge